UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BYRON BATES,

    Plaintiff,

v.

KING COUNTY, *et. al*.,

    Defendants.

CASE NO. C05-1348RSM

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to compel disclosure of certain documents in response to his First, Second and Third Sets of Interrogatories and Requests for Production. (Dkt. #19). Included are requests for unredacted personnel files, citizen complaints and use of force statements. Defendants respond that nearly all of the documents at issue in this motion have been produced, and object to the disclosure of unredacted personnel files and other sensitive documents. (Dkt. #26). For the reasons set forth below, the Court GRANTS plaintiff's motion to compel.

## II. DISCUSSION

**A. Background**

On August 2, 2005, the instant action was removed to this Court from the King County Superior Court. Plaintiff alleges that his civil rights were violated when he was physically attacked

ORDER GRANTING MOTION TO COMPEL
PAGE - 1

by two police officers who had stopped him and his brother while they were walking down the street, and subsequently arrested them. Plaintiff further asserts that officer defendants used excessive force during that arrest. Plaintiff brings the instant motion for an order compelling defendants to produce certain documents, including the unredacted personnel files of the officer defendants, all internal affairs complaints, any citizen complaints against any King County sheriff's deputy, and other records.

Plaintiff has served three sets of interrogatories and requests for production of documents on defendants. Plaintiff asserts, and defendants do not dispute, that responses to those discovery requests have not always been timely, and continued to trickle in even after this motion was filed. As of the filing of plaintiff's motion, plaintiff asserted the following documents remained outstanding:

(1) Interrogatory No. 9 directed to defendant King County in the first set of interrogatories, which asks defendant to produce all citizen complaints against a King County deputy for a five year period;

(2) Request for Production No. 1 contained in the second set of requests for production directed to defendant King County, which asked for all use of force statements filed by the defendant deputies for five years prior to June 4, 2003;

(3) Request for Production No. 4 contained in the second set of requests for production directed to defendant King County, which asked for all internal investigation files on the defendant deputies;

(4) Plaintiff's Third Set of Requests for Production directed to defendant King County requesting personnel files for the defendant deputies, including testing, examinations, evaluations and medical reports; and

(5) Unredacted copies of documents that were previously produced in redacted form.

Defendants respond that, with the exception of unrelated citizen complaints and medical records, all documents have been provided to plaintiff. The Court now turns to the instant motion to

compel.

**B. Interrogatory No. 9**

The Court first addresses plaintiff's motion with respect to Interrogatory No. 9 directed to defendant King County in the first set of interrogatories. That interrogatory states:

> Within the five (5) years prior to June 4, 2003, through and including the date of your answer hereto, has King County or it's [sic] sheriff's department received any citizen complaints against an officer of the department alleging use of force in the making of an arrest, false arrest and/or malicious or unlawful prosecution? If so, please identify and describe:
>
> (a)  the nature, substance, and description of each complaint;
>
> (b)  the name, address, and telephone number of each complainant.

(Dkt. #26 at 2). Defendant responded:

> Objection. This interrogatory calls for the production of private information which is not subject to disclosure and which is not relevant to any claim or defense of this action.

(Dkt. #26 at 3). However, defendant has provided all complaints involving defendant deputies to plaintiff.

Plaintiff argues that the remaining citizen complaints requested are relevant to the issue of departmental review policy, routine review of complaints, and patterns of condoned or ignored behavior which may give rise to punitive damages. Plaintiff further argues that any objections have been waived because the responses were not served in a timely manner. Defendants respond that plaintiff's request constitutes an invasion of privacy, and, in any event, the request is overbroad and unduly burdensome. Defendants also respond that the information sought is irrelevant.

Law enforcement officials against whom citizen complaints are filed, as well as the citizens who make the complaints or provide evidence during the investigation, have a privacy interest in maintaining the confidentiality of such complaint files. However, in general, the discovery interests of those making civil rights complaints outweigh the privacy interests of the complainants and officers, as long as some protection for those with privacy interests remains, such as an appropriate

ORDER GRANTING MOTION TO COMPEL
PAGE - 3

protective order regarding disclosure of the documents. *See Curtis v. McHenry*, 172 F.R.D. 162 (W.D. Pa. 1997); *Morrissey v. City of New York*, 171 F.R.D. 85, 93 (S.D.N.Y. 1997); *Soto v. City of Concord*, 162 F.R.D. 603, 621 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993); *Sasu v. Yoshimura*, 147 F.R.D. 173, 175-76 (N.D. Ill. 1993). Still, the particular nature of the complaint files must be considered in balancing the interests involved. *See Katt v. New York City Police Department*, 1997 WL 394593, at *3-4 (S.D.N.Y. July 14, 1997); *Martinez v. City of Stockton*, 132 F.R.D. 677, 680-81 (E.D. Cal. 1990), *aff'd by unpublished order*, 12 F.3d 1107 (9th Cir. 1993). The less likely it is that disclosure of the complaint files will lead to useful or relevant evidence, the less likely it is that disclosure will be required. *See Morrissey*, 171 F.R.D. at 91; *Katt*, 1997 WL 394593 at *3-4; *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992); *Martinez*, 132 F.R.D. at 684. Factors to consider include remoteness or nearness in time of the incidents and similarity of the present complaint to the prior complaints. Limited consideration may also be given to whether the law enforcement agency concluded the complaint was founded or not. *See Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991); *Morrissey*, 171 F.R.D. at 88; *Soto*, 162 F.R.D. at 621. Also, disclosure is more likely to be required where the existence of prior citizen complaints may be particularly pertinent to issues in the lawsuit, for example, where a municipality's liability may turn on whether it had knowledge of prior misconduct of the accused officer or where prior conduct may be pertinent to claims of punitive damages. *See Curtis*, 172 F.R.D. at 165; *Morrissey*, 171 F.R.D. at 88-89; *Mason v. Stock*, 869 F. Supp. 828, 835 (D. Kan. 1994); *Miller*, 141 F.R.D. at 296; *Martinez*, 132 F.R.D. at 683.

As an initial matter, because this action involves a claim against King County, the Court finds that the information plaintiff seeks with respect to citizen complaints is relevant. *See Shields v. City of Hammond*, 2007 U.S. Dist. LEXIS 6655, at *6-7 (N.D. Ind. 2007); *Floren v. Whittington*, 217 F.R.D. 389, 391-92 (S.D. W.Va. 2003). However, the Court also finds that limits on the scope and time from which these records are sought are properly imposed in order to avoid an undue burden on

King County and to ensure that the records sought are relevant to the issues related to the incident involving plaintiff in this case.

Accordingly, defendant King County <u>shall respond</u> to Interrogatory No. 9 and produce responsive documents in <u>unredacted form</u>[1] <u>no later than 14 days from the date of this Order</u>. However, <u>the scope of that response shall be limited to citizen complaints that allege or relate to excessive use of force of any kind, and were filed between January 4, 2000, and June 4, 2003</u>.

**C. Request for Production No. 1**

The Court next addresses plaintiff's motion with respect to Request for Production No. 1 contained in the second set of requests for production directed to defendant King County. That request states:

> Please provide any and all "use of force" statements filed by or including involvements of; Deputy Hanson and deputy Houck from five (5) years before the June 4, 2003 incident to the present.

(Dkt. #26 at 3). Defendant King County initially responded that the documents were being gathered, and would be produced subject to redaction of confidential information, including identities of subjects and witnesses. Defendant then provided those statements to plaintiff on March 19, 2007. (Dkt. #27, Ex. A). Plaintiff does not appear to dispute that the use of force statements have now been provided. However, plaintiff does argue that such documents should be produced in an unredacted form.

Here, defendants object to plaintiff's requests for unredacted documents on the basis that disclosure of private information could result in harassing telephone calls to elicit sensitive information that has no relevancy to this case, and on the basis that identifying information about the third-party individuals would not shed any light on King County's policies or procedures. While the Court is mindful of these important concerns, defendants have not carried their burden of showing

---

[1] The reasons for producing unredacted rather than redacted documents are further discussed below.

ORDER GRANTING MOTION TO COMPEL
PAGE - 5

1   that those concerns outweigh plaintiff's right to discovery here.

2   Federal courts have continuously found that a party's privacy interest protects them from
3   unjustified invasions through discovery requests. *Soto*, 162 F.R.D. at 616 (citing *Breed v. U.S. Dist.*
4   *Court for N.D. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976)). In evaluating whether this right to
5   privacy is greater than a party's need for discoverable information, a court must balance the interests
6   of the parties while taking into account the tendency of the federal rules to favor disclosure. *Kelly v.*
7   *City of San Jose*, 114 F.R.D. 653, 661-62 (N.D. Cal. 1987); *Perry v. State Farm Fire & Casualty*
8   *Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984), *cert denied*, 469 U.S. 1108 (1985).

9   When discovery requests threaten to reveal highly personal information, such as job
10  performance evaluations, courts have been sensitive to the burden placed upon a party by such
11  exposure. *Clemins v. U.S. Dep't of Treasury, Internal Revenue Service*, 457 F.Supp. 13, 15 (1977).
12  However, when the highly personal nature of these requests is balanced against the requesting
13  party's need for the information, the policies behind broad discovery require disclosure unless the
14  resisting party can make a clear showing of prejudice. *Id.* at 16.

15  Here, defendants do not demonstrate to the Court how this specific request, from these
16  particular officers, will create the harm that they assert in their objections. It is true that under some
17  circumstances harassing phone calls might result from the disclosure of certain records, but the law
18  requires more than just broad speculation. Further the parties have executed a Protective Order
19  governing these documents.

20  Accordingly, defendant King County <u>shall respond</u> to Request for Production No. 1
21  contained in the second set of requests for production, and produce responsive documents in
22  <u>unredacted form no later than 14 days from the date of this Order</u>.

23  **D. Request for Production No. 4**

24  The Court next addresses plaintiff's motion with respect to Request for Production No. 4
25  contained in the second set of requests for production directed to defendant King County. That

26

Case 2:05-cv-01348-RSM   Document 35   Filed 04/06/07   Page 7 of 9

request states:

> Provide any and all Internal Investigation Department files regarding Deputies Houck and Hanson, whether, these complaints were sustained or not.

(Dkt. #26 at 3). Defendant produced complaints and investigative files for incidents prior to June 4, 2003. Plaintiff continues to seek unredacted copies of those documents.

For the same reasons discussed above, the Court finds that defendants have failed to demonstrate prejudice by the disclosure of the complete internal investigation files. Accordingly, defendant King County <u>shall respond</u> to Request for Production No. 4 contained in the second set of requests for production, and produce responsive documents in <u>unredacted form no later than 14 days from the date of this Order</u>.

**E. Plaintiff's Third Requests for Production**

The Court now turns to plaintiff's Third Requests for Production directed toward defendant King County. Request for Production No. 1 states:

> Please provide the personnel files of Defendants Hanson and Huck [sic] including applications for employment, testing and evaluations during training and probation periods, performance evaluations during any period of employment, separation documents and all medical evaluations, including blood tests, administered pre-employment or while serving as deputies.

(Dkt. #26 at 4). Defendant provided those documents, which were redacted to remove social security numbers, dates of birth, addresses, witness and suspect names and contact information, photographs and juvenile information. Defendant also withheld medical information. Plaintiff seeks production of the personnel files in unredacted form.

Here, defendants object to plaintiff's requests for unredacted documents on the basis that the information sought would harm third-party privacy interests, and on the basis that plaintiff has not identified why he needs unredacted versions. In part as discussed above, and in part as discussed below, the Court finds that defendants have not carried their burden of showing that those concerns outweigh plaintiff's right to discovery here.

The Court has already disposed of defendant's third-party privacy concerns above, and it will

ORDER GRANTING MOTION TO COMPEL
PAGE - 7

not re-address those concerns here. The Court merely reminds defendants again that the law requires more than broad speculation.

Further, the Court is not persuaded by defendant's arguments with respect to personal identifying information, such as bank accounts, telephone numbers and other personal information. The Court already requires certain sensitive information to be redacted upon filing. Pursuant to the E-Government Act of 2002 and Judicial Conference Privacy Policy, financial account information, social security numbers, dates of birth, and names of minor children must be redacted to protect privacy before filing. Therefore, defendants need not be concerned about the release of such personal information in the public record. In addition, a Protective Order governing these documents has already been executed by the parties and entered by this Court.

Finally, the Court turns to plaintiff's request for medical records contained in defendant deputies' personnel files. Defendants object to the production of those records on the basis of a general privacy interest in those records and on Washington's right to privacy in health care records pursuant to RCW 70.02.010(6).

The Court is not persuaded. First, the Washington state statute cited by defendants is not applicable to the discovery request. Plaintiff does not seek complete medical records from any of defendants' health care providers. *See* RCW 70.02.010. Second, the Court finds those records contained in defendants' personnel files relevant to plaintiff's claim that King County did not adequately hire, supervise or train its deputies.

Accordingly, defendant King County <u>shall respond</u> to Request for Production No. 1 contained in the third set of requests for production, and produce responsive documents in <u>unredacted form no later than 14 days from the date of this Order</u>.

**F. Sanctions**

Plaintiff's request for attorney's fees and costs is GRANTED. Pursuant to Federal Rule of Civil Procedure 37:

ORDER GRANTING MOTION TO COMPEL
PAGE - 8

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(4)(A). In this case, the Court finds that plaintiff did make a good faith effort to obtain discovery without court action, and that defendant's late and incomplete responses to the discovery requests were not substantially justified. Therefore, plaintiff is entitled to the reasonable fees and costs associated with bringing this motion.

However, plaintiff's counsel has provided no documentation supporting his request for fees. Accordingly, plaintiff's counsel shall file a petition for such fees and costs, setting forth the specific amount requested with supporting documentation. Plaintiff shall properly note the petition pursuant to the Court's Local Rules.

### III. CONCLUSION

Having reviewed plaintiff's motion, defendants' opposition, plaintiff's reply, the declarations and evidence in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Plaintiff's Motion to Compel (Dkt. #19) is GRANTED.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this __6__ day of April, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO COMPEL
PAGE - 9