UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BYRON S. BATES,<br><br>    Plaintiff,<br><br>  v.<br><br>KING COUNTY, *et. al.*,<br><br>    Defendants. | CASE NO. C05-1348RSM<br><br>ORDER DENYING MOTION TO EXCLUDE PLAINTIFF'S POLICE PRACTICES EXPERT |

## I. INTRODUCTION

This matter comes before the Court on defendants' Motion to Exclude Plaintiff's Police Practices Expert. (Dkt. #33). Defendants ask this Court to exclude Lee Libby as an expert witness on the basis that his testimony is inadmissible under both Federal Rule of Evidence 702 and Federal Rule of Evidence 403 because it is neither reliable nor relevant, and because of the danger of unfair prejudice, confusion of the issues, or misleading the jury. Plaintiff opposes the motion, asserting that Mr. Libby is a qualified expert whose opinion will assist the jury; that Mr. Libby's report was never intended to be admissible; and that defendants' motion is premature because discovery is still incomplete. (Dkt. # 36). For the reasons set forth below, the Court agrees with plaintiff and DENIES defendants' motion to exclude.

## II. DISCUSSION

### A. Background

This case arises from the June 4, 2003 early morning arrest of plaintiff Byron Bates and his brother Kristofer Bates by Deputies Jason Houck and Jason Hanson on Vashon Island. According to plaintiff, during the arrest, Deputy Hanson shot plaintiff with a Taser gun, knocking him to the ground,

ORDER - 1

and then kicked him in the face three times, resulting in a broken jaw.

In this action, plaintiff alleges damages pursuant to 42 U.S.C. § 1983 against all defendants and municipal liability against King County for its failure to adequately train and supervise the deputies involved. Plaintiff also alleges various state law claims including assault, battery, false arrest and imprisonment, outrage, and negligent infliction of emotional distress.

Plaintiff has designated Lee Libby as an expert witness in police practices. Mr. Libby is expected to testify about both appropriate police officer actions and appropriate training and supervision of police officers.

Defendants argue that Mr. Libby's testimony is inadmissible because it is unreliable and will not assist either the trial judge or the jury in applying the law to the facts of the case. Defendants also argue that Mr. Libby's testimony is inadmissible because of the danger of unfair prejudice, confusion of the issues, or misleading the jury. Thus, defendants ask this Court to exclude Mr. Libby as an expert witness.[1]

**B. Expert Testimony**

While police practices expert testimony has been held to be admissible under Rule 702 in many cases, such testimony must meet the admissibility test created in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and clarified in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Under Rule 403, the probative value of Mr. Libby's testimony must not be substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury.

*1. Admissibility of Police Practices Expert Testimony under Fed. R. Evid. 702*

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

[1] Plaintiff notes that Mr. Libby's expert report is not intended to be submitted as admissible evidence, nor has it been offered as such. (Dkt. #36 at 2). Accordingly, this Court addresses only the issue of Mr. Libby's proposed testimony at trial.

ORDER - 2

The United States Supreme Court interpreted the former version of Rule 702 in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[2] In analyzing whether the scientific expert testimony was admissible in *Daubert*, the Supreme Court reasoned that such testimony must be both relevant and reliable. *Id.* at 589. In order for the testimony to be relevant, it must be helpful to the jury. *Id.* at 591-92. However, "an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Id.* at 592. In order for the testimony to be reliable, it must be based on scientifically valid principles, and the expert must be qualified to render opinions on the subject. *See id.* at 592. The *Daubert* court suggested a non-exclusive list of gate-keeping factors that a district judge may use to determine the reliability of particular expert testimony: 1) whether the scientific theory can be (and has been tested), 2) whether the theory or technique has been subjected to peer review, 3) whether there is a known or potential error rate, and 4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593-94.

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the court examined the applicability of *Daubert* in cases involving non-scientific experts. The court held that "*Daubert's* general principles apply to the expert matters described in Rule 702," and that the trial judge "may" consider *Daubert's* specific gate-keeping factors when considering admissibility of expert testimony. *Id.* at 149-150. The court noted that the word "may" as used in *Daubert* reflects the flexibility of the Rule 702 inquiry. *Id.* at 150. Indeed, in many cases, "the relevant reliability concerns may focus upon personal knowledge or experience." *Id.* Further, the *Kumho* court explained, "*Daubert* makes clear that the factors it mentions do not constitute a 'definitive checklist or test.'" *Id.* According to the court, "a trial court should consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony." *Id.* at 152.

---

[2] Before the December 1, 2000 amendments, Rule 702 simply stated, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The language following "otherwise" was added pursuant to the 2000 amendments. The new rule fundamentally adopts the rule of *Daubert*.

ORDER - 3

Police practice experts have become common in cases involving allegations of police misconduct. *See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 635 (9th Cir. 1991) (discussing trial testimony of police practices expert witness). Expert testimony concerning an ultimate issue such as the reasonableness of a police officer's use of force is not *per se* improper. *See Muhktar v. California State University, Hayward*, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002). In fact, Rule 704 explicitly allows expert witnesses to express an opinion on an ultimate issue to be decided by the jury. *Id.* However, "an expert witness cannot give an opinion as to her *legal conclusion, i.e.*, an opinion on an ultimate issue of law." *Id.* (emphasis in original).

In the present case, while the general principles of *Daubert* apply to an analysis of the admissibility of Mr. Libby's testimony, the specific "gate-keeping" factors are not applicable. As the court stated in *Kumho Tire*, those factors "may" be considered by the trial court in determining admissibility of expert testimony. *Id.* at 149-150. Here, however, the factors are not pertinent in determining the admissibility of Mr. Libby's testimony because his expertise is based on experience in police departments rather than scientific expertise. Thus, the Court looks to the specific knowledge and qualifications of Mr. Libby in the context of this case.

### a. Reliability

Mr. Libby's testimony is reliable. Both parties agree that he is qualified as a police practices expert. (Dkt. #33 at 4). Not only is Mr. Libby qualified, but his methods are reliable police practices expert methods, and he applies those methods to the case in a reliable way. Mr. Libby collected statements from numerous parties, including plaintiff, a physician who treated plaintiff, and independent witnesses of the scene. He analyzed the actions of the deputies and the response of the department in light of the statements he collected. Mr. Libby also reviewed King County Sheriff's Office's investigation policies and procedures. Based on his review of the materials, he noted several issues. For example, he noted the facial bruising evident in the photographs of plaintiff. Although any medical conclusion Mr. Libby makes concerning the photographs may be inadmissible, testimony concerning the reasonableness of the department's response and investigation after seeing the photos is admissible. Indeed, plaintiff concedes that Mr. Libby may not resolve factual conflicts, and avers that Mr. Libby does not intend to

ORDER - 4

testify for that purpose. Mr. Libby also noted the physician's medical opinion that plaintiff's hands were up when he was struck by the Taser shot. In so doing, Mr. Libby did not provide his own medical opinion. Rather, his purpose for referencing the physician's conclusion was to analyze the department's response to that conclusion. Mr. Libby's testimony about these issues is reliable because he is qualified as a police practices expert based on his experience, and his method of collecting and analyzing information in light of proper police procedures is a reliable method for a police practices expert. Moreover, any lack of particularized expertise goes to the weight of Mr. Libby's testimony, not its admissibility. *See United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993).

<u>b. Relevance</u>

Mr. Libby's testimony is relevant because it will assist the trier of fact. Specifically, Mr. Libby's testimony will help the trier of fact to assess the reasonableness of the deputies' actions and the reasonableness of the internal investigation performed by King County. Defendants argue that expert testimony must address issues "beyond the common knowledge of the average layman." (Dkt. #33 at 8 (quoting *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001), *amended by* 246 F.3d 1150 (9th Cir. 2001))). The appropriate response by a police officer to a person resisting arrest is not necessarily common knowledge. Expert testimony from an experienced law enforcement professional would assist the jury in understanding whether a particular officer exerted excessive force. The proper response of a police department to complaints about excessive force used by officers is also not common knowledge. Expert testimony concerning the proper response would thus help the jury to understand the facts and make an informed decision as to the department's actions.

*2. Admissibility of Expert Testimony under Fed. R. Evid. 403*

Federal Rule of Evidence 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In their motion, defendants argue that "[a]dmission of the Libby Report would create unfair prejudice against the defendants, further confuse an already factually complex case, or mislead the jury in its fact finding function." (Dkt. #33 at 12). In their reply brief, they argue that "the

ORDER - 5

jury will be misled into believing that they should give more weight to Mr. Libby's opinions, even those on factual issues and legal issues solely within the realm of the jury." (Dkt. #46 at 7). Without more than these conclusory statements, the Court is not convinced that Mr. Libby's testimony would create undue prejudice under Rule 403. The probative value of Mr. Libby's testimony as to proper police officer and police department conduct is not substantially outweighed by any unfair prejudice, potential for confusion of issues, or danger of misleading the jury. Although Mr. Libby's report may contain prejudicial material that would be inadmissible, that is not the question here. As noted above, both parties agree that the report is not admissible. Mr. Libby's testimony, on the other hand, is admissible under Rule 403 because it will assist the jury to better understand the proper standards of conduct for police officers and the proper standards of supervision and investigation for police departments without confusing or misleading the jury.

### III. CONCLUSION

Having reviewed defendants' motion, plaintiff's response, defendants' reply, the exhibits and declarations in support of those briefs, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Exclude Plaintiff's Police Practices Expert (Dkt. #33) is DENIED to the extent that it precludes Mr. Libby from testifying at trial about matters within his expertise as a police practices expert.

(2) Nothing in this order prevents defendants from making more specific objections in context during trial, or from making separate motions in limine with respect to proposed testimony not addressed in this motion, should that become necessary.

(3) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 9th day of May, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6